IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICHOLAS R. SANDEFUR, #19591-031, | § | |
| Petitioner, | § | |
| | § | No. 3:25-cv-3512-K-BN |
| V. | § | |
| WARDEN, FCI SEAGOVILLE, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Nicholas R. Sandefur submitted a *pro se* filing under 28 U.S.C. § 2241. *See* Dkt. Nos. 3, 4, 6, 7. The case was referred to the undersigned United States magistrate judge for case management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

The government filed a response to the petition, arguing that Sandefur failed to exhaust and is otherwise not entitled to the relief that he seeks. *See* Dkt. Nos. 12, 13. Sandefur failed to reply, and it is past the deadline to do so. *See* Dkt. No. 9.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the construed habeas petition as unexhausted or, in the alternative, deny relief.

"Section 2241 is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)).

But

> [a] federal prisoner may not seek § 2241 relief in connection with the execution of his sentence unless he first exhausts the administrative remedies made available by the Bureau of Prisons. *United States v. Dowling*, 962 F.2d 390 393 (5th Cir. 1992); *see Butts v.* Martin, 877 F.3d 571, 582 (5th Cir. 2017); *see also* 28 C.F.R. §§ 542.10-542.19. "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (internal quotation marks and citation omitted). The futility exception applies in extraordinary circumstances only, and it is the prisoner's task to establish that administrative review would be futile. *Id.*

*Williams v. Willis*, 765 F. App'x 83, 83-84 (5th Cir. 2019) (per curiam).

The government first argues that Sandefur has failed to exhaust his administrative remedies. *See* Dkt. No. 12 at 2-3; Dkt. No. 13 at 18.

Given the opportunity to rebut these allegations – or assert an exception to the exhaustion requirement – Sandefur failed to reply. So the Court should dismiss his habeas petition as unexhausted.

In the alternative, Sandefur is not entitled to the First Step Act ("FSA") time credits he seeks.

Sandefur asserts that the Bureau of Prisons ("BOP") unlawfully aggregated sentences imposed in two criminal cases. *See* Dkt. No. 7 at 1. In 2008, Sandefur was sentenced to 180 months imprisonment after pleading guilty to one count of possession of methamphetamine with the intent to distribute under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and one count of possession of a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c). *See United States v.*

*Sandefur*, No. 6:06-cr-10184-JWB-01, Dkt. No. 44 at 1 (D. Kan. Feb. 22, 2028). In 2022, Sandefur's supervised release was revoked in that case, and he was sentenced to 18 months' imprisonment. *See id.*, Dkt. No. 87 at 2 (D. Kan. May 18, 2022).

In a separate criminal case, Sandefur pled guilty to one count of possession with the intent to distribute a controlled substance under 21 U.S.C. § 841(a)(1) and was sentenced to 150 months. *See United States v. Sandefur*, No. 6:21-cr-10085-JWB-01, Dkt. No. 23 at 1, 2 (D. Kan. May 18, 2002). Both judgments explicitly stated that the sentences were to run consecutively. *See Sandefur*, No. 6:06-cr-10184-JWB-01, Dkt. No. 87 at 2 ("Said sentence to run consecutively to sentence in District of Kansas Case No. 6:21CR10085-001."); *Sandefur*, No. 6:21-cr-10085-JWB-01, Dkt. No. 23 at 2 ("Consecutive to the revocation sentence in case number 6:06CR10184-001-JWB.").

The BOP aggregated the sentences and determined that Sandefur was ineligible for FSA time credits because of his conviction under Section 924(c) in the 2006 case. *See* Dkt. No. 12 at 6-7; Dkt. No. 13 at 9-16; *see also* 18 U.S.C. § 3632(d)(4)(D)(xxii) (prisoners convicted under Section 924(c) ineligible for FSA time credits). Sandefur asserts that, because the sentences were consecutive rather than concurrent, it was improper to aggregate them for the purpose of determining eligibility for FSA credits. *See* Dkt. No. 7 at 15-17, 22-23. And he argues that it was improper for BOP to consider his Section 924(c) conviction in determining his eligibility for FSA credits as to either sentence because he had already served his term of imprisonment for that conviction. *See id.* at 17-23.

As to Sandefur's first argument, the BOP correctly aggregated the sentences

under 18 U.S.C. § 3584(c), which states, "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." *Id.*; *see also Bonnie v. Dunbar*, 157 F.4th 610, 614-19 (4th Cir. 2025) (analyzing question of whether consecutive sentences for a combination of eligible and ineligible crimes were eligible for FSA credits, determining that defendant was ineligible, and "not[ing] that every court that has considered the issue has reached the conclusion that [they] reach here today.").

And, as to the second, "the revocation sentence is a prison sentence imposed for the original offenses for which the term of supervised release was ordered …." *Dahda v. Hudson*, No. 23-3008-JWL, 2023 WL 2815920, at *2 (D. Kan. Mar. 7, 2023); *see also Huerta v. Cordova*, 2023 WL 8627542 (N.D. Tex. Dec. 13, 2023) (consecutive sentences for supervised release violation for conviction under 18 U.S.C. § 924(c) and for otherwise eligible drug crime properly aggregated and ineligible for FSA credits). So, the BOP also correctly determined that Sandefur was ineligible for FSA time credits because of his revocation sentence for his conviction under Section 924(c).

**Recommendation**

The Court should dismiss Petitioner Nicholas Sandefur's application for writ of habeas corpus under 28 U.S.C. § 2241 for failure to exhaust or, in the alternative, deny Sandefur's requested relief.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. And any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 14, 2026



DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE